UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERICO PAZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>WARDEN RAMIREZ in his official capacity, acting for the STATE OF IDAHO; STATE OF OREGON; CITY OF CALDWELL; and THIRD JUDICIAL DISTRICT COURT;<br><br>                    Defendants. | Case No. 1:20-cv-00013-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Federico Paz was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that an amended complaint will be required.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## REVIEW OF PLEADINGS

### 1. Factual Allegations

Among other like allegations, Plaintiff includes the following statement of facts in

his Complaint:

> In the Spring of '88 in Bldg #8 of Id. St. Corr. Inst. Roy Anthony was impersonating an elder man working as an officer. At Id. Max. Sec. Inst. In the spring of '98 he was again impersonating an elder man working as an officer at C-Blk. In the Spring of 2019 at Id. St. Corr. Inst. he was impersonating inmate Larry Young and also impersonating a young officer in Blding. 16A. One time he came in (at Id. St. Corr. Inst.) to Bldg. 16 impersonating a detective along with his cousin Donny Ray Pegram to interrogate me about a murder at Mt. Angel, Oregon in 1976.

> In Id. Max. Sec. Inst. in '90 Santos Garza told the plumbers to put plastic pipes called teflon, through the sewer pipes and he connected them to my sink in B-Blk.

> In the spring of '90 at Id. Max. Sec. Inst. at B-Blk Santos repeatedly took off my clothes and took me walking in Caldwell. One time he put a bull penus [sic] on my head fastened on a leather harness.

>        * * *

> In the spring of 2018 twice Roy Anthony took off my clothes in front of Building 16 of Id. St. Corr. Inst. and carried me running all over the prison.

> In October 25 of 2019 Roy had had the guards open my cell and took off my clothes and grabbed my anus as I lay on my bed of Building 8 at Id. St. Corr. Inst. <u>on protective status</u>.

>        * * *

Santos, Roy, and Kip McUs have been putting excrement in my food that the guards would hand to me throughout the years.

In the spring of 2019 Roy put sperm on top of my ice cream that the inmate servers gave me, he later told me.

\* \* \*

During my trial former Sheriff George Nourse came in to the courtroom naked with a gun equipped with a silencer to try to stop me from saying that it was his daughter Dee who shot Randy Gould after asking him for permission. She was at the prosecutor's table. D.A. Richard Harris pulled out a one-hand butt shot-gun and said, "I authorized it for him."

When I took the stand Armando Garcia and Santos Garza were both naked squatting next to me and now Judge Goff says, "You willingly testified." Santos went to Goff's right side and said, "That's all I wanted." When I wrote to Goff asking him about this he said, "It was probably a clerk of the court or an officer of the law."

(Dkt. 3, pp. 1-5.)

In his proposed Amendment to the Complaint, Plaintiff asserts, among other allegations related to his conviction, the following:

Affiant is requesting to add more information to complaint to be placed in protective custody at IMSI B-Block because he was forced to witness the murder of three Mexican inmates: in the spring of 1988 at the old chapel site at ISCI by civilian of Caldwell Donny Ray Pegram, the death of Off. Paz at ISCI Ad. Building by Death Row inmate Donald Paradis in the spring of 1988 and the death of Letty of California at IMSI Tier 2 of B-Block in 1990 by Civilian Chuck of Greenleaf, Idaho.

The guards open Mr. Paz's cell at nights for Ray Anthony of Caldwell (a civilian) who is always sexually abusing Mr. Paz and plucking his eyebrows even to this day.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

> Though mental health was the way off death row Mr. Paz wants all mental health treatments stopped and including the administering of monthly injections.

(Dkt 9-1.)

### 2.  Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

The in forma pauperis statute, 28 U.S.C. § 1915, and the prisoner litigation screening statute, 28 U.S.C. § 1915A, give screening judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328; *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (a case is frivolous if it is "of little weight or importance: having no basis in law or fact"). Even a complaint that is not obviously delusional, but does not state enough facts to state a claim to relief that is plausible on its face, is deficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

### 3.  Discussion

As the portions of Plaintiff's Complaint quoted above demonstrate, most of the allegations are nonsensical, fanciful, and implausible. However, Plaintiff *does* state that he desires that all mental health treatments be stopped, including the administering of monthly injections. The Fourteenth Amendment of the United States Constitution prohibits involuntary administration of antipsychotic drugs unless there has been a determination that "the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington v. Harper*, 494 U.S. 210, 226 (1990). To force antipsychotic drugs on a prisoner is impermissible under the Constitution, "absent a finding of overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992). "[S]uch an invasion of the human person can be justified only by a determination by a neutral factfinder that the antipsychotic drugs are medically appropriate and that the circumstances justify their application." *Kulas v. Valdez*, 159 F.3d 453, 456 (9th Cir. 1998). "[O]nce [a prisoner] move[s] to terminate administration of antipsychotic medication, the State bec[omes] obligated to

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

establish the need for [the treatment] and the medical appropriateness of the drug."
*Riggins*, 504 U.S. at 135 (trial competence context). *Cf. Addington v. Texas*, 441 U.S. 418
(1979) (Due Process Clause allows civil commitment of individuals shown by clear and
convincing evidence to be mentally ill and dangerous).

Plaintiff's request falls short of stating a colorable federal constitutional claim,
because Petitioner has provided no facts supporting his claim. In fact, the bulk of the
allegations in the Complaint— interwoven with many statements showing that Petitioner
has a preoccupation with weapons, killings, and things of a sexual nature—demonstrate
that Plaintiff is laboring under some type of psychiatric disorder and seem to suggest that
more, not less, psychiatric intervention may be necessary.

Plaintiff has named improper defendants: the state of Idaho, the state of Oregon,
the City of Caldwell, and the Third Judicial District Court. The Court will liberally
construe Plaintiff's naming of the state of Idaho to include an official capacity claim for
injunctive relief against Al Ramirez, the warden of the Idaho State Correctional
Institution, where Plaintiff is housed, because Warden Ramirez has the authority to order
implementation of a court order regarding Plaintiff's psychiatric treatment. *See* Fed. R.
Civ. P. 25(d) (court may order substitution of public officers as parties). The Court has
noted the substitution of Warden Ramirez in the caption of this case.

The Court concludes that it would be more efficient to have counsel for
Defendants investigate and report to the Court and Plaintiff the details of his involuntary
medications (if any) in a Martinez report, than it would be to require Plaintiff to amend
his Complaint without having access to this information. After Defendants file the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

Martinez report, Plaintiff can file a response to the report and an amended complaint with affidavit to attempt to state facts supporting a claim that continuing his medication without his consent is unconstitutional.

In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the trial court could not understand the plaintiff's allegations and ordered (before answer) that prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a determination under section 1915(a). *Id*. at 319. The Ninth Circuit approved the use of Martinez reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

The Martinez report shall be filed within 120 days after entry of this Order. All relevant exhibits addressing these issues should be attached to the report, and exhibits may be redacted for security and privacy reasons. The report should contain facts addressing the standard of law set forth above, and any other information deemed important by Petitioner's mental health providers and prison officials.

### 4. Instructions for Amendment

Plaintiff shall file an amended complaint within 30 days after receiving the Martinez report. **No claims except his claim that he should not be administered psychiatric medication without his consent shall be included in the amended complaint**.

In his amended complaint, Plaintiff must state all the types of medication he is receiving (specifying the medical conditions for which each is prescribed), which medication administration he is contesting, why he believes it is unnecessary, and what

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

steps he has taken to resolve these issues with his mental health professionals. The amended complaint must contain all of his allegations in a single pleading, and cannot rely upon or incorporate by reference prior pleadings. D. Idaho L. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall reproduce the entire pleading as amended."). Plaintiff shall set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint."

When he has completed his amended complaint with affidavit, Plaintiff should prepare a short "motion to amend complaint" to accompany it and file both with the Clerk of Court.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. 4) is DENIED without prejudice.

2. Plaintiff's Motion to Amend (Dkt. 9) is GRANTED. Dockets 8 and 9 shall be considered a supplement to the Complaint.

3. The Clerk of Court shall substitute Al Ramirez in his official capacity in place of the state of Idaho as a party to this action. The state of Idaho, the state of Oregon, the City of Caldwell, and the Third Judicial District Court are TERMINATED as parties to this action.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

4. The Clerk of Court shall serve, via the ECF system, a copy of this Order and the Complaint with Supplement and attachments (Dkts. 3, 8, 9) on the following counsel on behalf of **Defendant Al Ramirez**: **Mark Kubinski**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706. All other Defendants are terminated as parties to this action.

5. The Clerk need not send a waiver of service of summons at this time, because the case remains in screening status.

6. Counsel for Defendants is requested to make a limited appearance for the purpose of providing a Martinez report, supported by any prison and medical records to address facts relevant to Plaintiff's Fourteenth Amendment involuntary medication claim against Defendant Al Ramirez in his official capacity only. The Martinez report should be filed within **120 days** after entry of this Order.

7. The Martinez report does not need to be in any particular format, but counsel can present the report in any organized manner that makes sense in response to the allegations of the Complaint and this Order. Exhibits that implicate privacy or security concerns may be filed under seal or in camera, as may be appropriate. Exhibits filed in camera must be accompanied by a privilege or security log that is provided to Plaintiff.

8. The opinion of the psychiatrist and other mental health or medical professionals shall be presented in affidavit or declaration form and shall be

accompanied by a statement that it has been signed under penalty of perjury if notarization is impracticable.

9. Plaintiff may file a notice of voluntary dismissal or an amended complaint within **30 days** after receiving the Martinez report. An amended complaint shall be accompanied by an affidavit or declaration of Plaintiff stating the facts supporting the amended complaint and shall include a statement that it has been signed under penalty of perjury if notarization is impracticable.

10. **Plaintiff shall file nothing further in this case until he receives the Martinez report**. Thereafter, the Court will issue a successive review order.

DATED: April 23, 2020

B. Lynn Winmill
U.S. District Court Judge